**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LUZ SANTIAGO DE HOYOS, Individually; JORGE LUIS RIVERA CAMACHO, Individually; and LUZ SANTIAGO DE HOYOS and JORGE LUIS RIVERA CAMACHO as Co-Personal Representatives of the Estate of LORENZO SANTIAGO,

Plaintiffs,

v. Case No: 8:24-cv-2238-JSM-SPF

COMMUNITY BEHAVIOR SUPPORTS, INC.; GAMBIRE, LLC; AMRA ALISIC; and KEITH MILES-SMART EARLE,

Defendants.

---

**ORDER**

THIS CAUSE comes before the Court on the Motions to Dismiss filed by Defendants Community Behavior Supports, Inc. ("CBS"), Gambire, LLC, Amra Alisic, and Keith Miles-Smart Earle (Dkts. 15, 18). The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that the motions should be granted with respect to Plaintiffs' federal ADA claims. Because dismissal of the federal claims deprives the Court of jurisdiction, the remaining claims will be dismissed without prejudice to Plaintiffs to refile them in state court.

## BACKROUND

The facts of this wrongful death case are undeniably tragic. Plaintiffs, the estate of Lorenzo Santiago, allege that Santiago died as a result of Defendants' actions when he was improperly restrained during transportation from the Farleigh Group Home (a "residential facility for mentally disabled adults") to CBS (where Santiago attended "daily living skill training and behavioral support for intellectually disabled persons"), resulting in him arriving to CBS unconscious. The Farleigh Group Home is owned by Defendant Gabmire, LLC. Plaintiffs further allege that CBS's employees—upon discovering that Santiago was unconscious due to being improperly restrained—failed to perform resuscitative measures, which ultimately led to Santiago's death.

The Complaint, which was filed directly in this Court under federal question jurisdiction, alleges negligence and gross negligence claims against the Defendants pursuant to Florida law. The Complaint also attempts to aver a claim under the Americans with Disabilities Act ("ADA") against Defendants Gabmire and CBS.[1] All Defendants move to dismiss the Complaint for various reasons under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court discusses only the ADA claims because their dismissal will result in the Court losing its jurisdiction of this case. As explained below, Plaintiffs do not adequately allege an ADA claim and amendment would be futile.

[1] Plaintiffs agree to dismiss the Fair Housing Act claim so the Court limits its discussion to the ADA claims.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

Plaintiffs attempt to allege an ADA claim against Defendants pursuant to Title III of the ADA. In 1990, the ADA was enacted "to remedy widespread discrimination against disabled individuals" and to "provide clear, strong, consistent, enforceable standards"

addressing that discrimination. 42 U.S.C. § 12101(b)(2); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). The ADA covers three main types of discrimination, each of which is addressed in one of the statute's three main subchapters: Title I prohibits discrimination in private employment; Title II prohibits discrimination by public entities (state or local governments); and Title III prohibits discrimination by a "place of public accommodation," which is a private entity that offers commercial services to the public. 42 U.S.C. §§ 12112(a), 12132, 12182(a); *see Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006).

Title III contains three parts: (1) a "General rule" in § 12182(a); (2) a list of "General prohibitions" in § 12182(b)(1); and (3) a list of "Specific prohibitions" in § 12182(b)(2). 42 U.S.C. § 12182. The "General rule" in § 12182(a) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

Notably, Title III provides for only injunctive relief. *See* 42 U.S.C. § 12188(a) (stating "[t]he remedies and procedures set forth in section 2000a-3(a) of this title" are the remedies available to a person who is subjected to Title III discrimination); *id.* § 2000a-3(a) (providing for "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order").

Plaintiffs' ADA claims fail to state a claim for two fundamental reasons. First, it is axiomatic that "Title III prohibits discrimination against the disabled by private entities at 'any place of public accommodation.'" *Price v. City of Ocala, Fla.*, 375 F. Supp. 3d

1264, 1269 (M.D. Fla. 2019) (quoting 42 U.S.C. § 12182). There are no allegations describing how Defendants own, lease, or operate a place of public accommodation. Indeed, while the Complaint is confusingly written, it appears that Defendants are private entities and there are no facts describing how Defendants accommodate or serve the public. *See* 42 U.S.C.A. § 12181(7) ("the following private entities are considered public accommodations for purposes of this subchapter ... a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment").

Second, even if Plaintiffs were able to amend their Complaint to sufficiently allege that Defendants operate a place of public accommodation, the ADA claims nevertheless fail because the remedies available to Plaintiffs under Title III are solely injunctive in nature. *See* 42 U.S.C. § 12188(a)(1); *see also* 42 U.S.C. § 2000a-3. Plaintiffs seek only monetary damages associated with Santiago's alleged wrongful death. Prospective injunctive relief is not available to Plaintiffs under these circumstances. *See Jairath v. Dyer*, 154 F.3d 1280, 1283 n.8 (11th Cir. 1998) (no remedy available under the ADA for defendant's past act of refusing treatment); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (noting that a plaintiff seeking injunctive relief based on an alleged past wrong must show that there is a real or immediate threat that he will be wronged again, which cannot be met when the plaintiff has died). So, it would be futile to amend the ADA claims, and they must be dismissed with prejudice.

Finally, because the ADA claims fail and there are no remaining federal claims in this case, the Court must dismiss the Florida claims without prejudice for lack of jurisdiction. Notably, pertinent federal law tolls the statute of limitations for Plaintiffs' state law claims that fall validly within the Court's 28 U.S.C. § 1367(a) supplemental jurisdiction while they are pending in this Court and for a period of 30 days after any dismissal, unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d).

It is therefore ORDERED AND ADJUDGED that:

1. The Motions to Dismiss filed by Defendants Community Behavior Supports, Inc. ("CBS"), Gambire, LLC, Amra Alisic, and Keith Miles-Smart Earle (Dkts. 15, 18) are granted to the extent that the ADA claims and the FHA claim are dismissed with prejudice. The Court expresses no opinion on the merits of the state law claims.

2. The Complaint is dismissed without prejudice for lack of jurisdiction because only state law claims remain. Plaintiffs may refile their Florida claims in state court.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of February, 2025.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record